IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA       *

vs.       *

RONALD KIRKWOOD       *       CASE NO. 4:08-CR-46 (CDL)

      *
_____

<u>O R D E R</u>

Defendant was indicted for possession with intent to distribute less than fifty kilograms of marijuana (Count One) and for possession of a firearm by a convicted felon (Consolidated Counts Two through Five). With agreement of the parties, the Court bifurcated the trial of the drug count and the firearm counts. Therefore, evidence that Defendant was a convicted felon was not introduced in phase one of the trial. After the jury returned a verdict of not guilty on the drug count in phase one of the trial, the Court proceeded with phase two of the trial on the firearm counts. The jury subsequently found Defendant guilty on the firearm charges. Defendant now seeks a new trial on those charges.

Defendant contends that he is entitled to a new trial for three reasons: 1) the Court erred when it denied his previous amended motion to suppress; 2) the guilty verdict was heavily against the weight of the evidence; and 3) the Court erred when it informed the jury of the Government's charges against him as stated in the indictment. None of Defendant's arguments warrant a new trial.

Accordingly, Defendant's Motion for New Trial (Doc. 58) and Defendant's Amended Motion for New Trial (Doc. 66) are denied.

DISCUSSION

## I.  Motion to Suppress

The Court finds no reason to reconsider its previous order on Defendant's amended motion to suppress.  For the reasons stated at the July 29, 2009 hearing on Defendant's motion to suppress, which should be contained in the transcript of that hearing, the Defendant's motion to suppress was properly denied.  Therefore, the denial of that motion does not provide a basis for a new trial.

## II.  Jury Verdict Not Against Weight of Evidence

The Court also finds that the jury verdict was not contrary to the weight of the evidence.  A reasonable jury could have reached the verdict based upon the evidence introduced at trial.  This Court will not disturb that verdict unless it is contrary to the weight of the evidence, which it is not.  Therefore, Defendant's motion is denied as to this contention.

## III. Court's Reading of Indictment

Finally, Defendant maintains that the Court erred in phase two of the trial when it read from the indictment the charges against Defendant for the firearms offenses.  Defendant argues that since he had stipulated to the fact that he was a convicted felon, it was error for the Court to inform the jury of the specific facts alleged by the Government in the indictment regarding Defendant's previous

2

felony conviction.  The Court finds no error that would warrant a new trial.

Immediately after the jury returned its verdict of not guilty as to Count One, the Court informed the jury that its work was not done because the trial had been bifurcated.  The Court explained the reasons for the bifurcation:

> It was not appropriate under the law for you to know that [Defendant] was allegedly a convicted felon in Phase 1, because, under the law, that would not be relevant as to whether or not he committed that crime.  So we did not disclose that to you because, under the law, it should not have been disclosed.  But in these other counts, the government has charged the defendant with possession of firearms by a convicted felon; so it is necessary for you to know, with regard to the second phase, that there is the allegation that he is a convicted felon.  So we have had to separate the trial in that way.  So you will now have to consider whether the government has proven beyond a reasonable doubt that the defendant possessed firearms as a convicted felon.

(Phase 2 Trial Tr. 4:18-5:5, Sept. 11, 2009.)

The Court continued by explaining the specific charges that the Government alleged in the indictment and the consolidation of the various firearm counts into a consolidated count:

> Now, in the original indictment, it was a five-count indictment.  There was Count 1 that you have now reached a verdict on, and then there were Counts 2, 3, 4, and 5 which charged the defendant with possession of a firearm by a convicted felon.  The way the indictment was originally filed, they charged a separate count for each firearm.  I have consolidated those counts into one count because the defendant, if you find the government has carried their burden, can be guilty of that offense if they prove beyond a reasonable doubt that he possessed a firearm and was a convicted felon, whether it be one firearm or four.

3

(*Id.* at 5:16-6:1.)

The Court then explained that the verdict form would simply ask: "'As to the consolidated count of the indictment, possession of a firearm by a convicted felon, we the jury find the defendant'—'not guilty' or 'guilty.'"  (*Id.* at 23:20-22.)

The Court then explained the specific charges in the indictment by reading from the indictment.  Prior to reading the indictment, the Court stated to the jury:

> Now, I do want to read specifically to you the allegations with regard to those counts, and going to do it in a consolidated manner.  The charge is—and, again, this is the government's charge.  It is not proof, as I have told you before.   This is just the government's charge in the indictment.  They have the burden of proving it beyond a reasonable doubt.  The defendant has pled not guilty to these charges also; and therefore, he's presumed to be innocent unless the government convinces you that he is guilty beyond a reasonable doubt.

(*Id.* at 6:6-15.)

The Court then explained that the Government charged that Defendant knowingly possessed a firearm in or affecting interstate commerce and the Court identified the alleged firearms as identified in the indictment.  (*Id.* at 6:16-22.)  The Court then stated that the Government charged that "before the defendant possessed these firearms, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; to wit, possession of heroin with intent to deliver . . . .  That is the alleged offense in the indictment."  (*Id.* at 6:22-7:1, 7:3.)

4

In support of its case in this phase, the Government relied upon evidence presented in phase one as to the firearms and two additional stipulations of fact.  After the Court explained to the jury the meaning of "stipulation of fact," the Government's attorney read the following stipulation to the jury:

> "The defendant and the government stipulate and agree that the defendant has been convicted of crimes punishable by imprisonment for a term in excess of one year and that this fact may be presented to the jury to satisfy the convicted felon element of the violation of 18 U.S.C., Section 922(g)(1), in lieu of the submission to the jury of defendant's prior felony convictions."

(*Id.* at 8:24-9:5.)

After reading a second stipulation establishing that the firearms had traveled in interstate commerce, the Government rested. (*Id.* at 9:9-11:2.)  The Government put up no evidence as to the specific felony upon which the felon in possession of firearms charges were based.  Therefore, the Court instructed the jury immediately after the Government rested as follows:

> Ladies and gentlemen, the stipulation and the evidence did not specifically address the specific crime which is alleged in the indictment, so you shall not consider the specific crime that was alleged in the indictment during your deliberations.  There's been no proof as to that specific crime.  What they have stipulated to is that the defendant has been convicted in a court of a crime punishable by imprisonment for a term in excess of one year.  That's the fact that was stipulated to.

(*Id.* at 11:3-12.)

Defendant put up no evidence.  (*Id.* at 11:15-18.)  After the attorneys gave their closing arguments, the Court instructed the jury

5

on the felon in possession of firearms charges.  During that instruction, the Court again explained: "[T]he formal charge against the defendant is not evidence of guilt.  Every defendant is presumed by the law to be innocent."  (*Id.* at 18:20-22.)

The jury returned a verdict of guilty on the firearm count. (*Id.* at 28:14-19.)

Defendant argues that the Court erred by reading from the indictment that the Government alleged he had previously been convicted of distribution of heroin.  He maintains that in light of the stipulation that he was a convicted felon, that portion of the indictment should not have been read.  Defendant relies upon *Old Chief v. United States*, 519 U.S. 172 (1997) in support of his position that the reading of the indictment requires a new trial. Defendant misunderstands *Old Chief*, which is clearly distinguishable. In *Old Chief*, the district court admitted *evidence* of the defendant's specific prior conviction even though the defendant stipulated that he had committed a felony offense that would qualify as the predicate for a violation of 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by anyone with a prior felony conviction.  *Id.* at 177. The Ninth Circuit affirmed the district court, finding no abuse of discretion in admitting evidence of the conviction.  *Id.*  The Supreme Court reversed, holding that the district court abused its discretion and that the *evidence of the conviction* should have been excluded under Federal Rule of Evidence 403 because the risk of unfair

6

prejudice substantially outweighed the discounted probative value of the conviction in light of the proposed stipulation. *Id.* at 191-92.

In the present case, no *evidence* was introduced that Defendant had been convicted of a specific prior felony or the nature of that felony. The only evidence relating to the prior felony was the stipulation of the parties that a prior unspecified felony had been committed. Thus, the application of Rule 403 was never implicated because evidence of the specific prior felony was neither tendered nor admitted. Consequently, the rationale of *Old Chief* does not apply here. Furthermore, even if *Old Chief* were extended beyond its holding to prohibit the disclosure of *allegations in an indictment*, the nature of the prior conviction (distribution of heroin) differed considerably from the charged offense that the jury had under consideration in phase two of the trial (felon in possession of a firearm). Unlike in *Old Chief*, that prior conviction would not necessarily have led the jury to conclude that Defendant had a propensity to commit the felon in possession of a gun offense. Moreover, unlike in *Old Chief*, the Court informed the jury that the allegations in the indictment were not proof of anything; and when no evidence was forthcoming on the nature of the specific conviction alleged in the indictment, the Court instructed the jury that no such evidence had been introduced and thus no consideration should be given to the specific nature of the prior felony. The Court also observes that Defendant never made a motion for a mistrial or sought

7

any additional curative instructions before the jury returned its verdict.

A panel of the Eleventh Circuit has recently rejected a defendant's argument for new trial under similar circumstances. *See United States v. Anderson*, 329 F. App'x 878, 885-87 (11th Cir. 2009) (per curiam) (concluding that district court did not abuse its discretion when it denied defendant's motion for new trial because, among other things, the district court, although it erroneously published improperly unredacted copy of indictment that disclosed nature of defendant's previous conviction despite stipulation that defendant was a convicted felon, gave an extensive limiting instruction that defendant was not on trial for prior felony, that it was simply an element of charge, and nature of felony was irrelevant). Similarly, the Court finds that under the circumstances in this case, Defendant is not entitled to a new trial.

In summary, the Court concludes that it was not error to read the charges from the indictment; but if it was, any error was cured by the Court's limiting instructions, as recognized by defense counsel's failure to move for a mistrial or seek additional curative instructions.

CONCLUSION

As discussed above, Defendant's Motion for New Trial (Doc. 58) and Defendant's Amended Motion for New Trial (Doc. 66) are denied.

8

IT IS SO ORDERED, this 3rd day of March, 2010.


                                    S/Clay D. Land
                                        CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE